Hysaj v. Barr

BIA
Poczter, IJ
A208 752 131

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand nineteen.

PRESENT:
>     GUIDO CALABRESI,
>     SUSAN L. CARNEY,
>     MICHAEL H. PARK,
>         *Circuit Judges.*

_____

EMANUEL HYSAJ,
>         *Petitioner,*

>     v.                                      17-3529
>                                             NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>         *Respondent.*

_____

FOR PETITIONER:          Oleh R. Tustaniwsky, Esq.,
                         Brooklyn, NY.

FOR RESPONDENT:          Joseph H. Hunt, Acting Assistant
                         Attorney General; Anthony P.
                         Nicastro, Assistant Director;
                         Patricia E. Bruckner, Trial
                         Attorney, Office of Immigration
                         Litigation, United States
                         Department of Justice, Washington,
                         DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Emanuel Hysaj, a native and citizen of Albania, seeks review of an October 12, 2017 decision of the BIA affirming a December 5, 2016 decision of an Immigration Judge ("IJ") denying Hysaj's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Emanuel Hysaj,* No. A 208 752 131 (B.I.A. Oct. 12, 2017), *aff'g* No. A 208 752 131 (Immig. Ct. N.Y. City Dec. 5, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence and its legal conclusions de novo. *See Niang v. Holder*, 762 F.3d 251, 253 (2d Cir. 2014); *see also Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial evidence standard).

2

<u>Frivolous Finding</u>

"A person who makes an application for asylum determined to be 'frivolous,' or deliberately and materially false, is subject to a grave penalty: permanent ineligibility for most forms of relief under the immigration laws." *Mei Juan Zheng v. Mukasey*, 514 F.3d 176, 178 (2d Cir. 2008); *see also* 8 U.S.C. § 1158(d)(6) ("If the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the notice [of the consequences of filing a frivolous application], the alien shall be permanently ineligible for any benefits under this chapter, effective as of the date of a final determination on such application."). Before being subject to this permanent bar, Hysaj was entitled to procedural safeguards: "(1) notice . . . of the consequences of filing a frivolous application; (2) a specific finding . . . that [he] knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) . . . sufficient opportunity to account for any discrepancies or implausible aspects of the claim." *In re Y-L-*, 24 I. & N. Dec. 151, 155

3

(BIA 2007).  Hysaj disputes only that the third requirement was met.

The record supports the agency's conclusion that Hysaj deliberately fabricated a material part of his claim. Hysaj's testimony was internally inconsistent regarding whether he was frightened by June 2015 threatening phone call or calls and whether as a result he took any steps to protect himself or left the country, and he omitted from his written statement and direct testimony that he left Albania for two weeks in the summer of 2015 to try to come to the United States.  Although Hysaj argues that he never testified that he remained in Albania during the relevant period, the agency could reasonably expect that, when he was asked about his activities in July 2015, Hysaj would disclose that he left Albania for two weeks. *See Hong Fei Gao*, 891 F.3d at 78–79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."); *see also In re Y-L-*, 24 I. & N. Dec. at 158 ("[P]roof that conduct was knowing or deliberate may be demonstrated by circumstantial evidence.").  Furthermore, Hysaj gave

4

"dramatically different" accounts of what happened in June and July 2015. *Cf. Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (determining that a petitioner's "dramatically different" accounts of an incident provides substantial evidence for adverse credibility determination). Hysaj changed his testimony from reporting that he was not frightened by the June 2015 threat or threats and took no steps to protect himself to stating that he was so frightened by the call or calls that he left Albania and tried to come to the United States. His admission that he fled Albania in June 2015 also contradicts his written statement—that he and his family concluded that he needed to leave for the United States after he was assaulted in November 2015. These conflicting versions of events support the agency's conclusion that he fabricated his claim of political persecution. *Cf. Majidi*, 430 F.3d at 80. Given these contradictions, which implicated the harm he suffered and feared and the extent of his political activities, the agency did not err in finding that he fabricated a material aspect of his asylum claim. *See In re Y-L-*, 24 I. & N. Dec. at 155.

Adverse Credibility Determination

The governing credibility standard under the REAL ID Act is as follows:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, . . . or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination.

First, as discussed above, there were inconsistencies in Hysaj's written and oral statements regarding whether he was frightened by June 2015 threatening phone call or calls and whether he took steps to protect himself or left the country as a result. The IJ could reasonably expect that Hysaj would disclose a previous attempt to escape persecution in his asylum application and that he would mention that attempt

6

when asked about his activities during the period he was outside Albania. *See Hong Fei Gao*, 891 F.3d at 78–79.

Second, additional findings bolster the adverse credibility determination. Hysaj concedes that his testimony was inconsistent regarding whether he reported the June 2015 threat or threats to the police and whether Democratic Party leaders told him to contact the police. The agency was not required to credit his correction to conform with his application. *See Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). Furthermore, whether Hysaj contacted the police regarding the threats is significant because it implicates whether "the government is unable or unwilling" to control his alleged persecutors. *See Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015). The agency also reasonably relied on Hysaj's omission from his direct testimony that he was threatened with a knife because he was asked twice about the problems he experienced and only generally stated in response that he "had many threats." *See Hong Fei Gao*, 891 F.3d at 78–79.

7

Given these inconsistencies and omissions, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Hysaj's claims were all based on the same factual predicate, the adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8